**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-00943-CMA-MEH

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver For FirsTier Bank of Louisville, Colorado,

    Plaintiff,

v.

NORTH FLATS, LLC, and
DEBORAH A. MORGAN, as Public Trustee for Larimer County, Colorado,

    Defendants.

## DEFAULT JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 55(b), the following Default Judgment is hereby entered.

Pursuant to the Order Granting Default Judgment of Judge Christine M. Arguello entered on September 30, 2014 it is

ORDERED that:

1. Default judgment is entered in favor of Plaintiff and against Defendant North Flats, LLC in accordance with this Order.

2. The legal description contained in the Deed of Trust for the benefit of Bank of Choice, recorded June 26, 2006 at Reception Number 2006-0047751 the "Deed of Trust") is hereby REFORMED so that Lots M-10 through M-17, Block 3, and Lots M-42 through M-49, Block 7 Old Town North, are now legally described as:

> Lots 1 and 2, Block 1, and Lots 1 and 2, Block 3, North Flats Subdivision, according to the Plat thereof recorded April 5, 2007 at Reception No. 2007-0025560, Larimer County, Colorado.

3. The lien of the Deed of Trust is a first lien against the property described by the Deed of Trust, as reformed, prior and superior to the interests of all of the Defendants named in this action, in the amount of $789,535.96 as of May 30, 2014, together with interest continuing to accrue at the per diem rate of $191.26 from and after May 30, 2014, costs of foreclosure, amounts expended under the Deed of Trust subsequent to May 30, 2013.

4. The attorneys' fees are reasonable and are allowed as a cost of this foreclosure.

5. The Deed of Trust, as reformed, shall be foreclosed and under Colo. R. Civ. P. 120 the Public Trustee of Larimer County Colorado, or the Office of the United States Marshall, at the option of the Plaintiff, is authorized and ordered to sell the property in the same manner as prescribed by statute for the sale of land on execution.

6. The proceeds of such sale shall be applied as follows:

> a. First, to pay all fees, costs and expenses incurred in connection with the sale;
>
> b. Second, to repay advances for taxes, prior liens, insurance and other sums authorized by law and the Deed of Trust after entry of this order;
>
> c. Third, to pay Plaintiff FDIC-R, the amount due and owing on the Judgment and Deed of Trust as set forth in paragraph 3, above, together with interest, costs and attorney's fees as set forth herein;
>
> d. Fourth, to pay any balance remaining into the Registry of this Court to be applied as the Court shall hereinafter direct;

  e. This Order shall be a writ of special execution and no levy need be made.

  f. Following the foreclosure sale, a Certificate of Purchase shall be executed and elivered to the highest bidder at the sale and cause a duplicate of such Certificate of Purchase shall be recorded with the Clerk and Recorder of Larimer County, Colorado. A report of the sale shall be made to this Court as soon as possible thereafter, and, upon expiration of the period of redemption provided by law, execute and deliver a deed conveying the property, as reformed, to the holder of the certificate of purchase, unless the property is sooner redeemed.

It is further

  ORDERED that post-judgment interest shall accrue on the amounts awarded in this matter at the legal rate of 0.10% per annum from the date of entry of judgment.

Dated at Denver, Colorado this 1st day of October, 2014.

        FOR THE COURT:
        JEFFREY P. COLWELL, CLERK

       By:  s/   A. Thomas

        Deputy Clerk